UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIMOTHY JAFFE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation; and DOES 1-50; inclusive,<br><br>Defendants. | Case No. 2:17-cv-03421-ODW-(Ex)<br><br>**ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed: March 24, 2017<br><br>District Judge: Hon. Otis D. Wright, II<br>Courtroom: 5D<br><br>Magistrate: Hon. Charles F. Eick<br>Courtroom: 20<br><br>Trial Date: Not Set |

PURSUANT TO THE JOINT STIPULATION FOR PROTECTIVE ORDER SUBMITTED BY DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. ("DEFENDANT") AND PLAINTIFF TIMOTHY JAFFE ("PLAINTIFF"):

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing which the producing party otherwise believes in good faith: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contains

private or confidential personal information, including, but not limited to, home addresses, electronic mail address, Social Security numbers, financial account numbers, driver's license numbers, dates of birth, employment information, or (c) contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (hereinafter "Confidential Material"). Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing which the producing party otherwise believes in good faith: contains financial information and/or corporate ownership information of a highly confidential and/or proprietary nature or employee information of a highly confidential or private nature such as employee disciplinary matters, salary information and/or other private information (hereinafter "Attorneys' Eyes Only Material"). Any party to this litigation or any third-party covered by this Order, who produces or discloses any Attorneys' Eyes Only Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

3. Any party to this litigation and any third-party that designates information, documents, items or oral or written communications for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the

designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.   If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.   All Confidential Material and Attorneys' Eyes Only Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 7, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

6.   Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.   Counsel for the parties, including outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, as well as employees of all such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b.   Experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

  d. The Court and its personnel;

  e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, ESI vendors and consultants, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  h. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

7. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the persons identified in Paragraphs 6(a) through (g), but shall not be disclosed to the requesting party itself, or to an officer,

director or employee of requesting party, or anyone else unless otherwise agreed to in writing or ordered.

8. With respect to any depositions that involve a disclosure of Confidential Material or Attorneys' Eyes Only Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than those described in Paragraph 6(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 through 7.

9. Any party may object to a designation of the materials as Confidential Information or Attorneys' Eyes Only Information. The party objecting to the designation shall notify counsel for the designating party and identify in writing with reasonable specificity, the objected-to materials and the grounds for the objection. The parties shall attempt to resolve any such dispute by holding a conference of counsel, as set forth in Civil Local Rule 37-1. If the parties are unable to settle their differences, they shall formulate a joint written stipulation in conformance with the requirements of Civil Local Rule 37-2 and 37-2.1-2.3. The materials at issue shall be treated as Confidential Information or Attorneys' Eyes Only Information, as designated by the designated party, until the Court has ruled on the objections or the matter has otherwise been resolved.

10. The party seeking to submit Confidential Material or Attorneys' Eyes Only Material to the Court will seek an order of this Court permitting that party to file materials under seal pursuant to Local Rule 79-5.2.2(a) or (b) or other applicable Local Rule and, when such order issues, shall file the material under seal pursuant to Local Rule 79-5.2.2(c) or other applicable Local Rule.

11. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material or Attorneys' Eyes Only Material, it may do so only after giving notice to the producing party and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material or Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only. Such notice shall constitute a designation of the information, document or thing as Confidential Material or Attorneys' Eyes Only Material under this Order, and the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

13. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the

right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. Upon final conclusion of this litigation, including the expiration of any appeals thereof, each party or other individual subject to the terms hereof shall be under an obligation to certify that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material or Attorneys' Eyes Only Material and to destroy, should such source so request, all copies of Confidential Material or Attorneys' Eyes Only Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material or Attorneys' Eyes Only Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.

16. This Order may be modified by agreement of the parties, subject to Court approval. In addition, the Court may modify the protective order in the interests of justice and for public policy reasons.

///

///

///

17. The within order and parties' stipulation do not change, amend or circumvent any court rule or local rule.

IT IS SO ORDERED.

Dated: 9/11, 2017          By: _____
                                Honorable Charles F. Eick
                                United States Magistrate Judge

# **EXHIBIT A**

# **AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in the case entitled *Timothy Jaffe v. Sedgwick Claims Management, Inc.*, United States District Court, Central District of California Case No. 2:17-cv-03421-ODW-(Ex), signed by the Court, and I will comply with all provisions of that order.

5. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Material or Attorneys' Eyes Only Material or any words, summaries, abstracts, or indices of Confidential Information or Attorneys' Eyes Only Material disclosed to me.

6. I will limit use of Confidential Material and Attorneys' Eyes Only Material disclosed to me solely for the purposes of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and Attorneys' Eyes Only Material and any summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 20___    _____
                                  Name:

-9-    Case No. 2:17-cv-03421-ODW-(Ex)
ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER